**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LELAND WAYNE STEWARD,

Petitioner - Appellant,

v.

RANDALL G. WORKMAN, Warden,
Lexington Assessment and Reception
Center,

Respondent - Appellee.

No. 07-7079

(E. D. Oklahoma)

(D.C. No. 04-cv-00350-FHS-KEW)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Leland Wayne Steward was convicted by a jury on four counts of felony

murder in Oklahoma state court after he set fire to his trailer house, killing his

wife, Amanda Steward, and their three children. On each count he was sentenced

to life in prison without the possibility of parole. The Oklahoma Court of

Criminal Appeals (OCCA) affirmed all four convictions on direct appeal. He then

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed in the United States District Court for the Eastern District of Oklahoma a pro se application under 28 U.S.C. § 2254, which the district court denied. He now seeks a certificate of appealability (COA) to appeal that denial. *See id.* § 2253(c) (requiring COA to appeal denial of application). Liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the application raises four issues: (1) that his convictions were not supported by the evidence at trial; (2) that the trial court erred in admitting other-crimes evidence; (3) that the trial court erred in admitting hearsay; and (4) that the trial court erred in admitting his involuntary statement to the police. We deny his request for a COA and dismiss this appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* In determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

In addition, the Antiterrorism and Effective Death Penalty Act (AEDPA) establishes deferential standards of review for state-court factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). If the federal claim was adjudicated on the merits in the state court,

> we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* (quoting 28 U.S.C. 2254(d)(1) and (2)). As we have stated:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations and internal quotation marks omitted). Where, as here, the claims were adjudicated on the merits in the state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir .2004).

Mr. Steward first contends that his convictions were not supported by the evidence at trial. When reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, (1979). Mr. Steward argues that the prosecution failed to prove that the fire was arson and that he was responsible. He also raised this issue in his direct appeal to the OCCA, which recited the evidence at length and rejected his argument. *See* Op., *Steward v. State*, No. F-2002-1238 (Okla. Crim. App. Oct. 24, 2003) (*Steward I*) at 1–10. Mr. Steward has failed to challenge, much less rebut by clear and convincing evidence, the recitation of evidence by the OCCA. Therefore, we accept its statement of facts as correct. *See* § 2254(e)(1). And no reasonable jurist could debate that, based on that evidence, the conclusion was not an unreasonable application of clearly established federal law.

Next, Mr. Steward contends that the trial court erred in admitting testimony from several witnesses that he had told them that he had been an arsonist for hire

in Missouri and knew how to start untraceable fires. He states that this was inadmissible other-crimes evidence. For support, he cites primarily to cases addressing Oklahoma rules of evidence. But we will not set aside a conviction for violations of state evidence rules. *See Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) ("a state court's misapplication of its own evidentiary rules . . . is insufficient to grant habeas relief."). We will grant Mr. Steward relief only if he can show that admission of the evidence denied him a fair trial. *See id.* He has not made that showing. The OCCA explained that the evidence was relevant to motive, intent, preparation, and/or absence of mistake. *See Steward I* at 12–13. No reasonable jurist could debate that the OCCA decision was an unreasonable application of clearly established federal law.

Mr. Steward also complains that a prosecution witness testified that Amanda had told him that "[i]f it gets too bad . . . I just go in the house and take the kids and get in the bathroom and lock the door," *Steward I* at 14. When rescue workers arrived at the ruins of the trailer house, they found Amanda and two of the children's bodies barricaded in the bathroom and the third child's body just outside the bathroom door. Mr. Steward claims that the court's admission of Amanda's statement violated his Sixth and Fourteenth Amendment rights. We presume that he is referring to the Sixth Amendment's Confrontation Clause, which guarantees a criminal defendant "the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. But the Confrontation Clause

-5-

restricts the admissibility of a hearsay statement only if the statement is testimonial. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). The Supreme Court in *Crawford* did not precisely define *testimonial*, but it indicated "that the term encompasses formal statements to government officers, including at least statements during police interrogation and prior testimony." *United States v. Faulkner*, 439 F.3d 1221, 1225 (10th Cir. 2006). Amanda's statement was wholly different; rather than a statement made for the purposes of prosecution, the statement appears to have been a statement to a friend meant to allay concern for her safety following an argument that Amanda had with Mr. Steward. *See Steward I* at 14. No reasonable jurist could debate that the OCCA decision affirming admission of the evidence was not an unreasonable application of clearly established federal law.

Finally, Mr. Steward claims that the trial court erred in admitting statements that he had made to the police. He claims that the statements were involuntary and that he had not intelligently waived his constitutional rights. The OCCA held that the State had proved in a pretrial hearing that Mr. Steward had knowingly and voluntarily waived his *Miranda* rights before speaking with the police. No reasonable jurist could debate that this ruling was not an unreasonable application of clearly established federal law.

Because no reasonable jurist could debate the correctness of the district court's ruling, we DENY Mr. Steward's request for a COA and DISMISS this

appeal. We grant Mr. Steward's application to proceed *in forma pauperis*. We

grant Mr. Steward's motion for leave to file a supplemental brief.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge